UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA NAVARRO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; MIGUEL, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:21-CV-03150-AB-AGR<br><br>**ORDER GRANTING MOTION FOR REMAND** |

Before the Court is Plaintiff Olivia Navarro's Motion to Remand. ("Plaintiff," "Mot.," Dkt. No. 10.) Defendant Costco Wholesale Corporation ("Defendant," or "Costco"), opposed ("Opp'n," Dkt. No. 14), and Plaintiff replied ("Reply," Dkt. No. 15.) The Court deemed the matter appropriate for decision without oral argument and took the matter under submission. (Dkt. No. 16.) For the following reasons, the Court **GRANTS** Plaintiff's Motion and remands the case to the Superior Court of California, County of Los Angeles.

**I.     BACKGROUND**

    **A. Factual Background**

The following allegations are taken from Plaintiff's operative Complaint. ("Complaint" or "Compl.," Dkt. No. 1-1.) Plaintiff, Costco, Defendant Miguel ("Miguel"), and Does 1 through 25 ("Does") are all residents of Los Angeles County, California. (Compl. ¶ 5.) On February 15, 2019, a television or monitor fell on Plaintiff while she was shopping for miscellaneous items at Costco's store in Alhambra, California. (*Id.* ¶¶ 8, 14–15.) Miguel was a supervisor or manager at the Alhambra store at the time of the incident. *Id.* ¶ 3. As a Costco manager or supervisor, Miguel was responsible for the store's maintenance on the date of the incident. *Id.*

**B. Procedural Background**

Plaintiff filed her Complaint in the Superior Court of California, County of Los Angeles on January 29, 2021 alleging claims of negligence and premises liability against Costco, Miguel, and Does. (*See* Compl.) Plaintiff responded to Defendant's request for statement of damages on March 29, 2021. (Dkt. No. 1-2.) On April 12, 2021, Defendant removed the case to this Court based on diversity jurisdiction. ("NOR," Dkt. No. 1.) Plaintiff moves to remand this action to state court arguing that Defendant did not meet its burden of proving diversity jurisdiction.[1] (Mot. at 2.) Defendant opposes remand and contends that this matter may be removed because Miguel is a fictitious defendant, and thus his citizenship need not be considered for diversity jurisdiction. (Opp'n at 1–2.) Plaintiff's reply contends that Miguel is a proper defendant and his citizenship is not diverse from Costco. (Reply at 2.)

---

[1] Plaintiff also argues that Defendant failed to abide by Rule 2 of this Court's Standing Order. (Mot. at 2.) This rule provides, in pertinent part, as follows: "Any Answers filed in state court must be filed in this Court as a supplement to the Notice of Removal." (Dkt. No. 6, Standing Order at 2.) It appears that Defendant did not do so but instead refiled its Answer to Plaintiff's Complaint on May 4, 2021. (Dkt. No. 7.) The Court rules on the merits despite Defendant's failure to refile its Answer as a supplement to the Notice of Removal. However, should another violation arise, the Court may elect to take more serious action. The parties are expected to fully comply with all relevant federal rules, local rules, and the Court's standing order.

Plaintiff also seeks to recover attorneys' fees. (Mot. at 32–33.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and thus, only possess subject matter jurisdiction over matters authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Civil actions may be removed from state court when the district court has original jurisdiction. 28 U.S.C. § 1441(a). A district court has original jurisdiction when there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Subject matter jurisdiction requires complete diversity, meaning that the citizenship of each plaintiff must differ from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Defendants have the burden of establishing that removal is proper because of the "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Cases must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## III. DISCUSSION

### A. Diversity of citizenship

Plaintiff argues that this case should be remanded because Defendant has not met its burden of proving that the parties are completely diverse. (Mot. at 2.) The Court agrees.

#### i. Costco's Citizenship

Plaintiff argues that Costco, a Washington corporation, should be considered a citizen of California because it has four times more stores in California than in Washington. (Mot. at 24–25.) The Court disagrees with Plaintiff in this regard. A corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business or "nerve center" is the place "where the

corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). Plaintiff's argument does not stand because having four times more stores in California than in Washington, does not make California Costco's principal place of business. Rather, the Court finds that Costco has met its burden of showing that Costco's principal place of business is Washington. Costco shows that its high level officers including its "CEO, CFO, General Counsel, and other senior management" are located at its headquarters in Issaquah, Washington, and high-level decisions emanate from this location. (Opp'n at 5; Declaration of Jeffrey Leight, ¶ 3.) Therefore, the Court finds that Costco is a citizen of Washington, where it is incorporated and where its principal place of business is located. *See Amirkhanian v. Costco Wholesale Corp.*, No. LA CV20-02582 JAK (AFMx), 2020 WL 4747612, at *2 (C.D. Cal. Aug. 17, 2020).

  **ii. Miguel's Citizenship**

Although there is diversity of citizenship between Plaintiff and Costco, complete diversity requires *each plaintiff* to be a citizen of a different state from *each defendant*. *See Caterpillar Inc.*, 519 U.S. at 68 (emphasis added). Thus, the remaining issue is with respect to Defendant Miguel's citizenship.

Costco argues that Miguel is a fictitious defendant and his citizenship should be disregarded. (NOR at 2.) Plaintiff argues that because she provides enough details about Miguel's possible California citizenship, such citizenship should be considered. (Mot. at 22.) The Court agrees with Plaintiff.

When determining whether a case is removable based on diversity jurisdiction "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). However, the citizenship of fictitious defendants may be considered if Plaintiff's "description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036

(E.D. Cal. 2015); *see also Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398, 1401 (M.D. Ala. 1995) (considering the citizenship of fictitious defendants where "plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent.").

For instance, in *Yehuda Loya v. Costco Wholesale Corp.*, the court considered the citizenship of "fictitious defendants" because the plaintiff's complaint alleged reasonable indications of the fictitious defendants' "identities, relationship to the action, and citizenship." There, plaintiff alleged that the defendants were residents of Los Angeles County and employees of the Costco store where the action arose, where they were responsible for the store's maintenance. No. CV 20-9354-DMG (JCx), 2020 WL 7247782, at *2 (C.D. Cal. Dec. 9, 2020). Here, like in *Yehuda Loya*, Plaintiff alleges reasonable indications of Miguel's California citizenship. She alleges that Miguel is a resident of Los Angeles County, was a manager or supervisor at the Alhambra store on the date of the incident, and was responsible for the store's maintenance at the time of the incident. (Compl. at 2.) Plaintiff's Motion further notes that Miguel's employee name tag did not list his full name, it only said "MIGUEL." (Mot. at 10.) In response, Defendant did not refute these allegations of California citizenship and merely relied on its conclusion that Miguel is a fictitious defendant and should not be considered for purposes of diversity jurisdiction. (Opp'n at 7–8.) What is more puzzling is that given Plaintiff's allegations, it would seem that Defendant has the ability to ascertain Miguel's citizenship for purposes of diversity. Ultimately, because Defendant does not refute Plaintiff's reasonable indications of Miguel's California citizenship, the Court finds that Defendant has not met its burden of establishing complete diversity. *See, e.g.*, *Collins v. Garfield Beach CVS, LLC*, No. CV 17-3375 FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) (remanding the case to state court because the defendant "was in a position to know" the identity and citizenship of the Doe defendant employed by the defendant).

Because the Court finds there is not complete diversity among the parties, the Court need not address the arguments with respect to the amount in controversy. *See* 28 U.S.C. § 1332. Accordingly, the Court finds that Defendant has failed to meet its burden of establishing that removal is proper and the case must be remanded. *See Gaus*, 980 F.2d at 566.

### B. Attorney Fees

Plaintiff also requests the Court to award costs and attorney fees. (Mot. at 3). An order remanding the case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Defendant sought to remove this matter based on diversity jurisdiction. (*See* NOR.) While the Court ultimately disagreed with Defendant with respect to Miguel's "fictitious defendant" status, the Court is not persuaded that Defendant seeking removal on this basis is objectively unreasonable. Therefore, Plaintiff's request for attorney fees is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Plaintiff's request for attorneys' fees. The matter is remanded to the Superior Court of California, County of Los Angeles. All dates currently set are hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: July 6, 2021

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE